UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASHAE DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>TIFFANY HARRISON,<br><br>    Defendant. | No. 2:24-cv-0493-DJC-SCR<br><br>ORDER RE: MOTIONS TO RESTRICT PUBLIC ACCESS AND APPOINT COUNSEL FOR DEFENDANT |

    Defendant Tiffany Harrison is proceeding pro se in this action, which was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned are Defendant's motions to restrict public access to the filings in this action (ECF No. 16) and for the Court to appoint counsel on her behalf (ECF No. 18). Plaintiff has opposed the motion to restrict public access. ECF No. 19. For the reasons below, the undersigned denies both motions.

### ANALYSIS

A. The Court Shall Not Restrict Public Access to the Filings or Defendant's Address

    The public has a "general right to inspect and copy public records and documents, including judicial records," due to a public interest in "keeping a watchful eye on the workings of public agencies." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597-98, n.7 (1978)). For non-

1   dispositive case records, courts will generally only restrict public access through sealing or
2   redaction for "good cause." *Id.* at 1179-80; *Foltz v. State Farm Mutual Auto Insurance Company*,
3   331 F.3d 1122, 1135 (9th Cir. 2003).

4       Defendant argues that her residential address should be redacted from any filings in this
5   action because she has already "received concerning communications from individuals associated
6   with Plaintiff." ECF No. 16 at 1-2. She fears that having her personal identifying information
7   publicly available will expose her to "further harm or intimidation." *Id.* at 2. As Plaintiff notes,
8   however, Defendant does not provide anything to substantiate her allegation that she has been
9   harassed or threatened at her home or via mail thus far. ECF No. 19 at 4. Nor is it clear that the
10  risk of future intimidation is increased by residential information being available on the public
11  docket, if Plaintiff already has it. Nor should Defendant's address information available on the
12  public docket in this case be restricted pursuant to Federal Rule of Civil Procedure 5.2 or any
13  other procedural rule. *See* Fed. R. Civ. P. 5.2 (allowing redaction of the last four digits of a social
14  security number or taxpayer identification number, the year of an individual's birth, a minor's
15  initials, and the last four digits of a financial-account number).

16      Defendant has failed to show good cause for redacting her information from the docket.
17  The motion to restrict public access is denied without prejudice.

18      B.  <u>The Nature of This Action Does Not Justify Appointing Counsel</u>

19      There is no absolute right to counsel in civil proceedings. *Hedges v. Resolution Trust*
20  *Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). Courts may request an attorney to represent a person
21  who is unable to afford counsel, but should only do so in exceptional cases, where the
22  circumstances present difficulties beyond what any pro se litigant encounters. 28 U.S.C. §
23  1915(e)(1); *United States ex rel. Gardner v. Madden*, 352 F.2d 792, 794 (9th Cir. 1965); *Wood v.*
24  *Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).

25      The Court reincorporates its summary of the Complaint from its Findings and
26  Recommendations for Plaintiff's Motion for Judgment on the Pleadings. *See* ECF No. 11. The
27  Complaint alleges in pertinent part that after terminating her relationship with Iman Shabazz,
28  Plaintiff's older brother, Defendant posted various falsehoods about Mr. Shabazz on social media

despite Plaintiff asserting he would never do those things.  ECF No. 1 at ¶¶ 18, 20-23.  Defendant then moved their children out of state without Mr. Shabazz's permission and made them fear him so they would not visit him.  *Id.* at ¶¶ 24-25, 28.

The Complaint further alleges that while Mr. Shabazz was hospitalized in early 2021 for a stroke, Defendant accused Plaintiff of running a molestation ring with her younger brother, used Mr. Shabazz's children as leverage to keep herself on his visitors' list, and tried to extort him for money.  *Id.* at ¶¶ 18, 20, 31-38.  His health declined more rapidly after Defendant married him in 2022 and took him to live in another state, even as she continued to publicly accuse Plaintiff of abusing and brainwashing Mr. Shabazz and running a molestation ring.  *Id.* at ¶¶ 40-43.  Defendant's attacks involved creating multiple social media accounts to contact Plaintiff's family, posting conversations on TikTok without her consent, posting Plaintiff's address and the names of her children, and inspiring Defendant's online followers to harass Plaintiff on social media.  *Id.* at ¶¶ 48, 50, 54-56.

Based on the alleged facts, the Complaint includes causes of action for libel, libel per se, slander, slander per se, and intentional infliction of emotional distress ("IIED").  *Id.* at 9, 12, 14, 16, 18.  Neither the nature of these claims nor the underlying pleadings suggest that this case is uniquely complex or presents exceptional difficulties for Defendant.  Defendant's motion is denied without prejudice.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Restrict Public Access (ECF No. 16) is DENIED; and

2. Defendant's Motion to Appoint Counsel (ECF No. 18) is DENIED.

**SO ORDERED**.

DATED: September 9, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3