1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    TASHAE DAVIS,                                    No.  2:24-cv-0493-DJC-SCR

12                  Plaintiff,

13           v.                                         ORDER RE: ORDER TO SHOW CAUSE

14    TIFFANY HARRISON,

15                  Defendant.

16

17           Plaintiff commenced this action on February 16, 2024.  ECF No. 1.  Defendant is

18    proceeding pro se and accordingly this matter is referred to the undersigned for pretrial

19    proceedings pursuant to Local Rule 302(c)(21).  ECF No. 12.  On September 22, 2025, Defendant

20    moved to dismiss the Complaint for failure to state a claim, or alternatively to strike it under

21    California's Anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16 ("Section 425.16").  ECF No. 25.

22           On September 25, 2025, the undersigned denied the motion to dismiss as untimely

23    because it was filed after Defendant's Answer.  ECF No. 28 (citing *Aetna Life Ins. Co. v. Alla*

24    *Med. Services, Inc.,* 855 F.2d 1470, 1474 (9th Cir. 1988)).  As to the motion to strike, the Court

25    held that because the motion was brought under California's Anti-SLAPP legislation more than

26    60 days after service of the Complaint, whether the motion was timely turned on the Court's

27    discretion.  ECF No. 28 (citing Cal. Code Civil Proc. § 425.16(f)).  The Court therefore issued an

28    Order for Defendant to Show Cause ("OSC"), within 14 days, as to why it should not deny the

                                                    1

1    motion to strike as untimely.  ECF No. 28.  Notice of the OSC was returned as undeliverable to

2    Defendant, with a deadline to file a Notice of Change of Address set for November 21, 2025.

3    Despite appearing for a settlement conference on December 17, 2025 (ECF No. 29), Defendant

4    has neither filed a Notice of Change of Address nor responded to the OSC.

5          The Court's OSC, however, assumed that the deadlines for filing an Anti-SLAPP motion

6    under Section 425.16 also apply in federal court.  ECF No. 28.  The Court now sua sponte

7    reconsiders that assumption.  The procedural rules of California's Anti-SLAPP statute do not

8    apply when they "'direct[ly] colli[de]' with a Federal Rule of Civil Procedure."  *Metabolife Int'l,*

9    *Inc. v. Wornick,* 264 F.3d 832, 845 (9th Cir. 2001) (quoting *Walker v. Armco Steel Corp.,* 446

10    U.S. 740, 749–50 (1980)).  In *Metabolife*, the Ninth Circuit adopted a district court holding that

11    applying the Anti-SLAPP deadlines under Section 425.16(f) and (g) would directly collide with

12    Fed. R. Civ. P. 56, which governs motions for summary judgment.  *Metabolife*, 264 F.3d at 846

13    (citing *Rogers v. Home Shopping Network, Inc.,* 57 F.Supp.2d 973, 980 (C.D.Cal.1999)).  The

14    court in *Rogers* had reasoned that Anti-SLAPP motions require the plaintiff to have sufficient

15    evidence to support a claim, even though the plaintiff has not yet been able to conduct discovery.

16    *Id.*; *see also* Cal. Code Civil Proc. § 425.16(g) (staying discovery from the filing of an Anti-

17    SLAPP motion until entry of a ruling on it). But in federal court, if the non-moving party does not

18    have sufficient time to conduct discovery needed to adequately oppose a motion for summary

19    judgment, district court judges must permit such discovery.  *Id.* (citing *Anderson v. Liberty*

20    *Lobby, Inc.,* 477 U.S. 242, 250 n. 5 (1986)).

21          The *Rogers* court concluded that the "discovery-limiting aspects" of Section 425.16(f) and

22    (g) "collide with the discovery-allowing aspects of" federal rules governing summary judgment,

23    and the former therefore do not apply in federal court.  *Metabolife*, 264 F.3d at 846 (quoting

24    *Rogers*, 57 F.Supp.2d at 982).  Subsequent rulings have limited *Metabolife* and *Rogers* based on

25    whether an Anti-SLAPP motion is more akin to a motion for summary judgment or to a motion to

26    dismiss.  *See Clifford v. Trump*, 339 F.Supp.3d 915, 923 (C.D. Cal. 2018).  This distinction

27    hinges on whether the motion is "based on purely legal arguments and the fact that a complaint

28    ////

2

1   does not allege sufficient facts" or "a factual challenge to a complaint … providing alternate facts

2   to challenge the allegations."  *Id.* at 922.

3          Defendant's motion includes various exhibits that purportedly demonstrate why Plaintiff

4   cannot allege defamation based on the public remarks Defendant has made.  ECF No. 25 at 2, 4,

5   6-47.  The introduction of additional evidence renders her motion akin to a motion for summary

6   judgment.  Under the *Metabolife* doctrine, Section 425.16(f)'s deadline for filing an Anti-SLAPP

7   motion does not apply.  This equivalency, however, also implies that Plaintiff is entitled to

8   discovery as needed to oppose Defendant's motion, if such discovery has not already been

9   propounded.  *See Metabolife*, 264 F.3d at 846; *Rogers*, 57 F.Supp.2d at 982.  A status conference

10  is therefore required to determine whether discovery is necessary in order to adjudicate the Anti-

11  SLAPP motion and to set a schedule for any such discovery and briefing.

12          **IT IS HEREBY ORDERED THAT**:

13      1.  The Order to Show Cause as to why the undersigned should not deny Defendant's

14          motion to strike as untimely (ECF No. 28) is VACATED:

15      2.  A status conference on the motion to strike is set **for Thursday, January 15, 2026 at**

16          **11 a.m., to be convened over Zoom**.  The courtroom deputy will provide dial-in

17          instructions approximately one week before the conference.

18      3.  If Defendant's address has changed, Defendant must file a notice a change of address

19          within 14 days of the date of this order.

20  DATE: December 22, 2025

21

22

23                                          SEAN C. RIORDAN
                                            UNITED STATES MAGISTRATE JUDGE
24

25

26

27

28

                                        3